# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4499 | **DATE** | July 2, 2013 |
| **CASE TITLE** | Michael Griffin (#2012-1011023) vs. Township of Berkeley, Illinois et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to deduct $5.25 from Plaintiff's trust fund account as an initial partial filing fee and to continue making deductions from the account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Cook County Jail. Plaintiff may proceed with his complaint against Berkeley, Illinois Police Sergeant Duffy. The clerk shall issue summons for service of the complaint on this Defendant and shall send Plaintiff a Magistrate Judge consent form and instructions for filing documents in this Court. The Township of Berkeley is dismissed.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Michael Griffin, a pretrial detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Naming as Defendants the Township of Berkeley, Illinois, and Berkeley, Illinois Police Sergeant Duffy, Plaintiff alleges that, on October 7 (presumably of 2012), Sergeant Duffy stopped Plaintiff while he was driving a friend's car. According to Plaintiff, Duffy arrested him and had the car towed, even there was no reason for the stop.

Plaintiff has submitted a completed *in forma pauperis* ("IFP") application. The Court grants his IFP motion and assesses an initial partial filing fee of $5.25. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. This payment obligation will follow Plaintiff in the event he is transferred.

The Court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. The allegations described above state a colorable claim against Sergeant Duffy. *See Lawson v. Veruchi*, 637 F.3d 699, 703 (7th Cir. 2011) (addressing a claim of false arrest and an illegal stop). As to the Township of Berkeley, however, Plaintiff states no allegations indicating an unconstitutional policy or custom and, generally, one incident of an illegal stop and false arrest is insufficient to establish such a claim. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir.2003) (explaining that there is no respondeat superior liability in a § 1983 action, that each defendant must have been personally involved to be individually liable, and that an official capacity claim requires allegations of an unconstitutional policy or custom); *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) (evidence of one incident, or even the actions of several officers, usually does not establish an unconstitutional custom or policy).

| STATEMENT |
|---|
|     The clerk shall issue summons for service of the complaint on Berkeley, Illinois Police Sergeant Duffy. The United States Marshals Service is appointed this Defendant. If the Marshal needs Plaintiff to complete service forms in order to serve Defendant, the Marshal shall send Plaintiff such forms. Plaintiff's failure to return forms to the Marshal will result in the dismissal of Defendant and, consequently, this case. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former employee no longer at the work address provided by Plaintiff, Township of Berkeley officials shall furnish the Marshal with Defendant's last known address. The information shall be used only to accomplish service or to show proof of service, and shall neither be kept in the Court's file nor released by the Marshal. The Marshal is authorized to mail a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.<br>    Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, he must send an exact copy of any filing to Defendant or Defendant's attorney if one has entered an appearance for Defendant. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff. |